IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2017

**ALEXANDER R. CARINO v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Trousdale County**
**No. 2017-CV-4591    John D. Wootten, Jr., Judge**

———————————

**No. M2017-00345-CCA-R3-HC**

———————————

The Petitioner, Alexander R. Carino, appeals the Trousdale County Circuit Court's denial of his petition for habeas corpus relief from his 2010 convictions for two counts of second degree murder and his effective forty-three-year sentence. The Petitioner contends that the habeas corpus court erred by summarily denying relief. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Alexander R. Carino, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; and Tom P. Thompson, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Cumberland County Grand Jury indicted the Petitioner and his codefendant for two counts of first degree felony murder committed "during the attempted perpetration of an especially aggravated robbery" and one count of especially aggravated robbery. The Petitioner pleaded guilty to two counts of second degree murder, and he received consecutive sentences of twenty-one years and six months' confinement at 100% service. The especially aggravated robbery charge was dismissed upon the Petitioner's pleading guilty to two counts of second degree murder. The Petitioner did not seek appellate or post-conviction relief.

The Petitioner filed the instant petition for habeas corpus relief, alleging that his convictions were void because the trial court lacked jurisdiction to enter judgments against him. He argued that the trial court did not have jurisdiction to enter judgments for second degree murder without the prosecution's obtaining an indictment from the grand jury for

second degree murder. He also argued that the first degree felony murder charges alleged attempted especially aggravated robbery as the predicate felony, which is not enumerated in the felony murder statute, and that because the independent especially aggravated robbery charge was dismissed, the court was deprived of jurisdiction to enter judgments relative to the homicides. The Petitioner also argued that he did not knowingly and voluntarily waive the trial court's lack of jurisdiction.

The habeas corpus court summarily denied relief after reviewing the petition and the indictment. The court determined that the Petitioner's arguments were without merit and unsupported by the law. The court found that the Petitioner's allegations were "devoid of any support questioning the trial court's jurisdiction to act." The habeas corpus court determined that the trial court "clearly had jurisdiction" and that the judgments were not void. This appeal followed.

The Petitioner contends that the habeas corpus court erred by summarily denying relief. He argues that the trial court was deprived of jurisdiction to enter judgments relative to the homicide charges because the independent especially aggravated robbery charge was dismissed and because the case was not resubmitted to the grand jury to obtain two charges for second degree murder. The Petitioner also contends in his reply brief that the first degree murder indictment counts did not provide proper notice because attempted especially aggravated robbery, the predicate felony identified in the felony murder charges, is not included in Tennessee Code Annotated section 39-13-202(a) providing a proper basis for felony murder allegations. The State responds that the habeas corpus court properly dismissed the petition.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an

evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

Relative to the Petitioner's contention that the trial court was deprived of jurisdiction to enter judgments relative to the homicide charges because the especially aggravated robbery charge was dismissed and because the case was not resubmitted to the grand jury to obtain two charges for second degree murder, we conclude that the Petitioner allegations are without merit. The judgments reflect that the Petitioner pleaded guilty to two counts of second degree murder, a lesser included offense of first degree felony murder, and that the independent especially aggravated robbery charge was dismissed. *See* T.C.A. § 40-18-110(g)(1) (2012) (amended 2016) ("Second degree murder is a lesser included offense of first degree murder as defined in § 39-13-202."). The judgments and the record do not reflect that the indictment relative to the homicide charges was amended or that it was amended improperly. *See* Tenn. R. Crim. P. 7(b)(1), (2). The judgments are not void because neither the judgments nor the record reflect that the trial court lacked jurisdiction to enter judgments or to sentence the Petitioner. We note that the Petitioner's sentences have not expired.

Nothing in our jurisprudence suggests that the prosecution is required to resubmit a case to a grand jury to obtain an indictment for a lesser included offense of the indicted offense before a defendant may plead guilty to the lesser included offense. We note, though, that a petitioner's agreement to plead guilty to an offense that is not a lesser included offense of the indicted offense is "in effect, [the petitioner's] consent to an amendment to the indictment." *See Roy Allen Scott v. David Osborne, Warden*, No. E2011-02021-CCA-R3-HC, 2012 WL 1523824, at *3 (Tenn. Crim. App. Apr. 30, 2012), *perm. app. denied* (Tenn. Aug. 17, 2012) (citing Tenn. R. Crim. P. 7(b)). Furthermore, an improperly amended indictment "would merely render the judgment voidable, not void." *Id*. Likewise, the prosecution's dismissal of the independent especially aggravated robbery charge did not impact the validity of the remaining homicide indictment counts or the trial court's jurisdiction to enter judgments on those counts. We note that the prosecution is permitted but not required to charge independently the predicate felony serving as a basis for a felony murder allegation. Therefore, the Petitioner has failed to establish that the trial court lacked jurisdiction to enter judgments and sentence him relative to the second degree murder convictions. The Petitioner is not entitled to relief.

Relative to the Petitioner's contention that the indictment counts charging first degree felony murder were insufficient and defective, depriving the trial court of jurisdiction, he argues that those counts did not provide proper notice because attempted especially

aggravated robbery, the predicate felony identified in the felony murder charges, is not included in the enumerated felonies contained in Tennessee Code Annotated section 39-13-202(a). He argues that because the indictment did not allege the killings were committed during a robbery, as defined in Code section 39-13-401, the indictment was defective and deprived the trial court of jurisdiction.

Generally, allegations of a defective indictment must be presented before a trial or guilty plea. *See* Tenn. R. Crim. P. 12(b)(2)(B). However, the validity of an indictment may be challenged at any time if the allegation is that the indictment does not state an offense or confer jurisdiction upon the trial court. *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). An

> indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce proper judgment

T.C.A. § 40-13-202 (2014).

Especially aggravated robbery is merely an aggravated form of robbery. In order to establish an especially aggravated robbery, the prosecution must prove that a defendant committed a "robbery as defined in § 39-13-401," that the defendant used a deadly weapon, and that the victim suffered serious bodily injury. *Id*. § 39-13-403 (2014). The indictment counts alleging that the victims were killed during an attempted especially aggravated robbery, as compared to a simple robbery, ultimately increased the State's burden. If this case had proceeded to trial, the State would be have been required to establish, based upon the wording of the indictment, two elements in addition to showing the Petitioner attempted to commit a robbery, namely that a deadly weapon was used and that the victim suffered serious bodily injury. *See Delivetrick D. Blocker v. Jim Worthington, Warden*, No. E2008-00881-CCA-R3-HC, 2009 WL 304022, at *4 (Tenn. Crim. App. Feb. 9, 2009) (concluding that an indictment count alleging the commission of first degree felony murder during the perpetration of an especially aggravated robbery provided sufficient notice of the felony murder offense and provided the trial court "an adequate basis upon which to enter a judgment"); *see also State v. Steven Wayne Wilson*, No. M2011-00004-CCA-R3-CD, 2013 WL 3041451, at *16 (Tenn. Crim. App. July 25, 2012) (determining that "the felony murder statute *generally* states the requisite underlying felonies [but that] . . . [n]ecessarily included in the list . . . is any other grade of the same felony"), *perm. app. denied* (Tenn. Dec. 13, 2012). If the State satisfied its burden in establishing attempted especially aggravated robbery, the State also would have necessarily satisfied its burden in proving an attempted robbery occurred.

-4-

The indictment provided the Petitioner sufficient notice of the alleged offenses, and the trial court had proper jurisdiction to accept his guilty pleas and to sentence the Petitioner pursuant to the plea agreement. The Petitioner is not entitled to relief upon this basis.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE